UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| CHARLES M. RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-063-JD-PRC |
| | ) | |
| BOARD OF COMMISSIONERS OF | ) | |
| TIPPECANOE COUNTY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

On September 9, 2014, Plaintiff Charles M. Riley filed a six-count Complaint against eight defendants stemming from an incident in which he was barred from entering the Tippecanoe County Courthouse with his dog, Bella. Riley alleges that Bella is a service dog, and that Defendants' conduct violated various statutory provisions and the U.S. Constitution. The Defendants named in Riley's suit are: the Board of Commissioners of Tippecanoe County; the Commissioners of Tippecanoe County in their official capacities as county commissioners (John Knochel, Thomas Murtaugh and David Byers); the Tippecanoe County Sheriff's Department; the Sheriff of Tippecanoe County in his official capacity and Lt. Scott Hodson and Deputy Jane Doe, both individually and in their official capacities as officers of the Tippecanoe County Sheriff's Department. *See* DE 1. In response to Riley's Complaint, the Defendants filed a motion to dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted. *See* DE 5, 6. Plaintiff then responded to that motion, and the Defendants replied to the Plaintiff's response. *See* DE 8, 9. At the close of briefing, this Court referred the Defendants' Motion to Dismiss for Failure to State a Claim to the Magistrate Judge, and on January 7, 2015, Magistrate Judge Cherry filed a Report and Recommendation regarding the same.

After referring a dispositive motion to a magistrate judge, a district court has discretion to accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1). Consistent with Federal Rule of Civil Procedure 72(b), the district court must undertake a de novo review "only of those portions of the magistrate judge's disposition to which specific written objection is made." *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (citing *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)). If no objection or only a partial objection is made, the court reviews those unobjected portions for clear error. *Id*. Under the clear error standard, a court will only overturn a magistrate judge's ruling if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). Since the parties' window to object to the Magistrate Judge's recommendation passed without response, this Court will evaluate the Magistrate Judge's Report and Recommendation under a clear error standard.

Having reviewed the Report and Recommendation, the Court finds that the Magistrate Judge clearly erred in dismissing Riley's claim for injunctive relief due to lack of subject matter jurisdiction with prejudice. As the Seventh Circuit has noted, "[i]f plaintiffs indeed lack standing, and there is no jurisdiction, then dismissal must be without prejudice; a court cannot adjudicate a claim over which it lacks jurisdiction." *Ramsay v. Mayer*, 420 Fed.Appx. 586, 588 (7th Cir.2011). While the Court of Appeals appears to acknowledge an exception to this rule for cases that cannot mature into justiciable claims, such an exception has no application to this case, as Riley may wish to return to the courthouse in the future. *See Harris v. Quinn*, 656 F.3d 692, 701 (7th Cir. 2011) *rev'd in part on other grounds*, 134 S. Ct. 2618, 189 L. Ed. 2d 620 (2014). Accordingly, Riley's claim for injunctive relief is dismissed *without* prejudice.

The Court finds no clear error in the remainder of the Report and Recommendation and adopts it in its entirety. Therefore:

(1) John Knochel, Thomas Murtaugh and David Byers, sued in their official capacities as Commissioners of Tippecanoe County are **DISMISSED with prejudice.**

(2) Tracy Brown, sued in his official capacity as Sheriff of Tippecanoe County, is **DISMISSED with prejudice**.

(3) Counts One through Four (the ADA and Rehabilitation Act claims against the Board of Commissioners of Tippecanoe County and the Tippecanoe County Sheriff's Department) are **DISMISSED without prejudice**, with leave to refile an amended complaint consistent with the Magistrate's Report and Recommendation that includes allegations of Bella's training.

(4) Count Five (the § 1983 claims against Lt. Hodson and Deputy Doe) is **DISMISSED with prejudice**.

(5) Count Six (the § 1983 claim against the Tippecanoe County Board of Commissioners and the Tippecanoe County Sheriff's Department) is **DISMISSED with prejudice**.

(6) Plaintiffs' request for punitive damages against Lt. Hodson and Deputy Doe under the ADA and the Rehabilitation Act (Paragraph 62 of the Complaint) is **DISMISSED with prejudice**.

(7) Plaintiffs' request for injunctive relief (Paragraph 59 of the Complaint) is **DISMISSED without prejudice**.

SO ORDERED.

ENTERED:   June 5, 2015

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court