UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CHARLES M. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-CV-063-JD |
| | ) |
| BOARD OF COMMISSIONERS OF | ) |
| TIPPECANOE COUNTY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

In this case, Charles Riley alleges that two Tippecanoe Sherriff's Department deputies barred him from entering the Tippecanoe County Courthouse with his service dog in violation of the Americans With Disabilities Act (ADA) and the Rehabilitation Act (RA). Mr. Riley initially asserted these claims (among others) in a September 3, 2014 complaint, but the Court dismissed them. It found that Mr. Riley had not adequately alleged that his dog was a service animal, which foreclosed his ADA and RA claims. Mr. Riley then filed an amended complaint with expanded factual allegations on September 25, 2014. The Defendants responded with the motion to dismiss that is now before the Court [DE 15], which again contends that Mr. Riley has failed to plausibly allege that his dog is a service animal. That motion has been briefed by the parties and is now ripe for review.

**STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court will take the facts alleged by a plaintiff to be true and draw all reasonable inferences in his favor. A complaint must contain

only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, that statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Evaluating whether a Plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

The Defendants argue that Mr. Riley's amended complaint should be dismissed in its entirety because it does not sufficiently allege that Mr. Riley's dog, Bella, is a service animal. That is a prerequisite to his claim, since the regulations which implement the ADA and the RA[1] only protect the right to take service animals—as opposed to, e.g., untrained or emotional support animals—into public facilities. 28 C.F.R. § 35.136(g). The ADA defines "service animal" as:

> [A]ny dog that is individually trained to do work or perform tasks for the benefit of an individual with a disability, including a physical, sensory, psychiatric, intellectual, or other mental disability . . . The work or tasks performed by a service animal must be directly related to the individual's disability. Examples of work or tasks include, but are not limited to . . . assisting an individual during a seizure . . . providing physical support and assistance with balance and stability to individuals with mobility disabilities, and helping persons with psychiatric and neurological disabilities by preventing or interrupting impulsive or destructive behaviors. The crime deterrent effects of an animal's presence and the provision of emotional support, well-being, comfort, or companionship do not constitute work or tasks for the purposes of this definition.

28 C.F.R. § 35.104. In his amended complaint, Mr. Riley alleges the following as to Bella:

> 9. To deal with the effects of the PTSD, including balance support, mobility, and calming during episodes of PTSD, Riley requires the assistance of his service dog, Bella.
>
> 10. Bella has been individually trained to provide balance support, mobility assistance, and calming during episodes of PTSD. In addition, Bella has been trained to open and close doors, to pull Riley in a

---

[1] The Defendants assert—and the Plaintiff does not contest—that the Plaintiff's ADA and RA claims are "substantively the same and should be analyzed under the same criteria." [DE 16 at 6]. The Court concurs that if Riley is able to state a claim for relief under the ADA, he is likewise able to state a claim for relief under the Rehabilitation Act.

wheelchair when necessary, and to assist Riley by pulling his grocery cart home from the store.

[DE 14 at 2]. The Defendants argue that these allegations do not give rise to a plausible claim for relief. They say that Mr. Riley's complaint cannot survive on the bare assertion that Bella was "individually trained" without any supporting factual detail. And, they say, Mr. Riley has not provided the manner or timing of Bella's training, the identity of her trainer or any other information as to how Bella learned to perform the tasks Mr. Riley asserts she does for him.

Nevertheless, the Court finds that Mr. Riley has pled facts that give rise to a plausible claim for relief. He alleges that Bella was individually trained to, among other things, provide him with balance support and mobility assistance during episodes of PTSD. If taken as true, that would meet the definition of a service animal under the ADA.

The Defendants' insistence on information regarding the methodology used to train Bella is misplaced. While it may have been desirable for Mr. Riley to provide more information as to what training Bella received, that information is not so central that omitting it makes Mr. Riley's claims implausible. Under the ADA "there are no requirements as to the amount or type of training that a service animal must undergo, nor the type of work or assistance that the animal must provide." *Newberger v. Louisiana Dep't of Wildlife & Fisheries*, No. CIV.A. 11-2996, 2012 WL 3579843, at *4 (E.D. La. Aug. 17, 2012) (interpreting 28 C.F.R. § 36.104 (2010)[2]). Rather, the animal must simply be trained to perform tasks for the benefit of a disabled individual in a manner that sets it apart from an ordinary pet. *Id*. Mr. Riley plausibly alleges as much; among other things, he says that Bella provides effective balance and mobility assistance

---

[2] This regulation defined "service animal" in Title III of the ADA. It was subsequently revised and added to Title II in the form of 28 C.F.R. §35.104. *See* Nondiscrimination on the Basis of Disability in State and Local Government Services, 75 Fed. Reg. 56,164, 56,191 (Sept. 15, 2010). Since it provided the basis for 28 C.F.R. §35.104 and contained a similar individual training requirement, its interpretation is also relevant to §35.104.

during his PTSD episodes. Few dogs can do that without training. So, Mr. Riley has satisfied the minimal burden he must carry at the motion to dismiss stage.

Two of the Defendants' other arguments, however, merit only brief discussion. First, is their reliance on *Prindable v. Assn. of Apt. Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245 (D. Haw. 2003). *Prindable* held that "[u]nsupported averments from [a plaintiff] and slight anecdotal evidence of service" were not enough to raise an issue of fact at *summary judgment* as to whether the plaintiff's dog was a service animal. *Id*. at 1257. That case is inapplicable to this motion to dismiss, however, where Mr. Riley has no evidentiary burden.

The Defendants also assert that a plaintiff's "pleading burden should be commensurate with the amount of information available" to him. [DE 18 at 2-3]. So, they say since Mr. Riley (presumably) has all of the facts about how Bella was individually trained, he needs to plead them. But the authority they cite for this proposition, *Olson v. Champaign County, Illinois*, held that it is unreasonable to require plaintiffs to plead information that they do not have and could only obtain through discovery. 784 F.3d 1093, 1100 (7th Cir. 2015). The Defendants do not provide any authority that stands for the opposite proposition: that a plaintiff must plead all facts within his knowledge. In the absence of such authority, this Court will follow well-established precedent which requires only that Mr. Riley "state a claim to relief that is plausible on its face." *McCauley*, 671 F.3d at 615. As discussed above, he has done so here.

Finally, the Court notes that the level of factual specificity that a plaintiff must provide depends on the complexity of his claim. *Id*. at 616. This is not a complicated case and thus does not require an extensively detailed complaint. So, while Mr. Riley may not have provided an abundance of information about Bella, he has at least given "the opposing party notice of what

the case is all about" and shown "how, in the plaintiff's mind at least, the dots should be connected." *Id.* That is sufficient to survive a motion to dismiss.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendants' Motion to Dismiss. [DE 15].

SO ORDERED

ENTERED: January 6, 2016

                                                  /s/ JON E. DEGUILIO
Judge
United States District Court